DAVID SNYDER (CA State Bar No. 262001)
dsnyder@firstamendmentcoalition.org
SHERENE TAGHAROBI (CA State Bar No. 327645)
stagharobi@firstamendmentcoalition.org
FIRST AMENDMENT COALITION
534 4th St., Ste. B
San Rafael, CA 94901-3334
Telephone:    (415) 460-5060
Facsimile:    (415) 460-5155

Attorneys for Plaintiffs
BRYAN CARMODY and FIRST AMENDMENT COALITION

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| BRYAN CARMODY and FIRST AMENDMENT COALITION,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF FOR VIOLATION OF THE FREEDOM OF INFORMATION ACT** |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs First Amendment Coalition and Bryan Carmody (collectively, "Plaintiffs") by and through their undersigned attorneys, hereby alleges as follows:

1. Plaintiffs bring this action under the Freedom of Information Act, 5 U.S.C. § 552, as amended, ("FOIA" or the "Act"), for declaratory, injunctive, and other appropriate relief against the Federal Bureau of Investigation ("FBI" or "Defendant").

2. By this action, Plaintiffs seek to compel the FBI to comply with its obligations under FOIA to release records Plaintiffs requested that are related to former San Francisco Public Defender Jeff Adachi. Plaintiffs are statutorily entitled to disclosure of the requested records, which the FBI has withheld in violation of the Act.

## PARTIES

3. Plaintiff Bryan Carmody ("Mr. Carmody") is a resident of San Francisco, California. Mr. Carmody is a freelance journalist and videographer who has covered the San Francisco Bay Area for nearly three decades.

4. Plaintiff First Amendment Coalition ("FAC") is a California non-profit corporation dedicated to freedom of speech and government transparency. FAC provides legal information and consultations to journalists, academics, bloggers and ordinary citizens regarding access rights under FOIA and California's various open-government laws. FAC files amicus briefs in important appeals, both in state and federal courts, including the United States Supreme Court. FAC also files litigation to defend and expand the rights of the public and press under access laws, including FOIA. FAC's principal place of business is 534 Fourth St., Suite B, San Rafael, CA 94901.

5. Defendant Federal Bureau of Investigation ("FBI"), headquartered at 935 Pennsylvania Avenue, N.W., Washington, D.C. 20535, is a component of the Department of Justice ("DOJ") and an agency of the federal government within the meaning of 5 U.S.C. § 551 and 5 U.S.C. § 552(f) that has possession, custody, and/or control of records that Plaintiffs seek.

///

///

## JURISDICTION AND VENUE

6. This case arises under FOIA, 5 U.S.C. § 552. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties under 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

7. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B). Additionally, venue is proper in this district under 28 U.S.C. § 1391(e)(1) because Defendant is an agency of the United States with an office in San Francisco and 1) both Plaintiffs reside in this district and/or 2) a substantial part of the events or omissions giving rise to the claim occurred in this district.

## INTRADISTRICT ASSIGNMENT

8. This action arises in the City and County of San Francisco because a substantial part of the events or omissions which give rise to the claim occurred in this county.

## STATUTORY FRAMEWORK

9. FOIA, 5 U.S.C. § 552, requires agencies of the federal government to release requested records to the public unless one or more specific exemptions apply.

10. This Court has jurisdiction, upon receipt of a complaint, "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

## FACTS

**Veteran Journalist Bryan Carmody and the May 2019 Law Enforcement Raid**

11. For nearly three decades, Bryan Carmody has worked as a journalist and videographer covering news events in the San Francisco Bay Area. *See* Amir Vera and Keith Allen, *San Francisco police seize equipment of freelance journalist who refused to identify a source*, CNN (June 11, 2019), https://cnn.it/3fyHNVX.

12. Among the news events Mr. Carmody covered was the February 22, 2019 death of Jeff Adachi. Until his death, Mr. Adachi served as Public Defender of the City and County of San Francisco, an elected office. Eli Rosenberg, *A reporter declined to reveal his source. Then Police showed up at his front door with guns*, The Washington Post (May 11, 2019), https://wapo.st/2Ws0Vxi.

13. In the course of his reporting, Mr. Carmody received a San Francisco Police Department ("SFPD") report regarding Mr. Adachi's death, details from which were subsequently published by several media outlets. *Id.*

14. On or around April 11, 2019, San Francisco police sought Mr. Carmody's cooperation in identifying his confidential source for the report. Mr. Carmody declined. *See* Amir Vera and Keith Allen, *San Francisco police seize equipment of freelance journalist who refused to identify a source*, CNN (June 11, 2019), https://cnn.it/3fyHNVX.

15. Nearly a month later, on May 10, 2019, Mr. Carmody awoke to the sound of San Francisco police bashing the gate of his home with a sledgehammer. Having obtained a set of invalid search warrants, police proceeded to raid Mr. Carmody's home and office, seizing his computers, phones, cameras, and other devices. *See id.*

16. The FBI has confirmed that two of its agents were also present at the raid and that they attempted to interview Mr. Carmody. Eli Rosenberg, *A reporter declined to reveal his source. Then Police showed up at his front door with guns*, The Washington Post (May 11, 2019), https://wapo.st/2Ws0Vxi.

17. However, the FBI declined to elaborate on why FBI agents were present for a raid by local law enforcement on a journalist. *See* Thomas Fuller, *San Francisco Police Raid on Journalist Alarms Free Press Advocates*, The New York Times (May 13, 2019) (FBI "confirmed the agents' presence but declined to say how they were involved"), https://nyti.ms/2Ciuevf.

18. Mr. Carmody subsequently sought and obtained orders from California state courts quashing five of the search warrants issued with respect to him. *See* Evan Sernoffsky, *Internal documents reveal disturbing scope of SFPD's effort to out journalist's source*, KTVU Fox 2 (July 8, 2020), https://bit.ly/30ia4cT.

19. Disclosure of the records Plaintiffs seek is critical to the public's ability to fully assess and be informed of the government's activities, specifically with respect to the Constitutionally protected activities of the free press and the death of an elected public official. In particular, the public is entitled to records that may shed light on the puzzling presence of FBI agents during a local law enforcement raid on a journalist and their attempt to interview that

journalist. The FBI's involvement is especially perplexing because the raid's apparent target was the journalist's confidential source for a report concerning the death of a local public defender, with no obvious federal interest in the case. There is also public interest in the disclosure of FBI records on a deceased public defender who was a frequent critic of law enforcement.

**Plaintiffs' FOIA Request**

20.     On or about October 9, 2019, Plaintiffs submitted a FOIA request to the FBI via U.S. mail (the "FBI Request"). A true and correct copy of the FBI Request (without attachments) is attached hereto as **Exhibit 1** and incorporated by reference herein.

21.     The FBI Request sought the following:

> 1) All documents evidencing or referencing any inquiry into, or investigation of, Bryan Carmody. This request includes but is not limited to records actually containing Mr. Carmody's name;
>
> 2) All documents referring to or regarding Bryan Carmody;
>
> 3) All documents evidencing or referencing any investigation or inquiry into the alleged leak to the press of a SFPD police report regarding the death of former San Francisco Public Defender Jeff Adachi;
>
> 4) All documents evidencing or referencing any investigation of, or inquiries into, the death of former San Francisco Public Defender Jeff Adachi;
>
> 5) All records referring to or regarding Mr. Adachi.

22.     The FBI Request included a signed privacy waiver/DOJ-361 form from Mr. Carmody.

23.     The FBI Request sought both a fee waiver and expedited handling.

24.     By letter on October 23, 2019, Defendant acknowledged receipt of the FBI Request but treated it as two separate requests: one for records pertaining to Mr. Carmody and another for records pertaining to Mr. Adachi. The FBI assigned the Jeff Adachi request FOIPA Request No. 1449861-000 (the "FBI Adachi Request"), which is the subject of this litigation. Plaintiffs interpret the FBI Adachi Request as encompassing categories 3, 4 and 5 of the October

FIRST AMENDMENT COALITION
534 4TH STREET SUITE B
SAN RAFAEL, CA 94901-3334

9 FBI Request. A true and correct copy of the FBI's acknowledgement letter as to the Adachi request is attached hereto as **Exhibit 2**.

25. By letter dated November 15, 2019, Defendant acknowledged that responsive records exist but denied the FBI Adachi Request, citing FOIA Exemption 7(A). A true and correct copy of the FBI denial letter is attached hereto as **Exhibit 3**.

26. On December 23, 2019, Plaintiffs submitted an administrative appeal via U.S. Mail to the DOJ Office of Information Policy ("OIP") challenging the FBI's invocation of Exemption 7(A) with respect to records regarding Jeff Adachi. A true and correct copy of Plaintiffs' administrative appeal (without exhibits) is attached hereto as **Exhibit 4** and is incorporated by reference herein.

27. By letter dated February 13, 2020, Defendant responded to Plaintiffs' administrative appeal, stating that the administrative appeal had been denied and the decision of the FBI was being affirmed. A true and correct copy of OIP's February 13, 2020 letter is attached hereto as **Exhibit 5**.

28. As of the filing of this Complaint, Plaintiffs have not received any records in response to the FBI Adachi Request.

29. As of the filing of this Complaint, the FBI Request and the FBI Adachi Request encompassed therein have been pending for 282 days.

## COUNT I:

## VIOLATION OF FOIA FOR UNLAWFUL WITHHOLDING OF AGENCY RECORDS

## (FBI ADACHI REQUEST)

30. Plaintiffs re-allege and incorporate by reference all preceding paragraphs.

31. Defendant is an agency subject to FOIA. 5 U.S.C. §§ 552(f), 551.

32. The FBI Adachi Request properly seeks the following records under FOIA, which are within the possession, custody, and/or control of Defendant: documents evidencing or referencing any investigation or inquiry into the alleged leak to the press of a SFPD police report regarding the death of former San Francisco Public Defender Jeff Adachi; all documents

evidencing or referencing any investigation of, or inquiries into, the death of former San Francisco Public Defender Jeff Adachi; and all records referring to or regarding Mr. Adachi.

33. Plaintiffs complied with all applicable regulations regarding the submission of FOIA requests.

34. Defendant has not released any records or portions thereof in response to the FBI Adachi Request.

35. Defendant has not demonstrated that records responsive to the FBI Adachi Request are exempt under FOIA. Rather, in denying Plaintiffs access to FBI records, Defendant cited a single exemption with limited applicability: FOIA Exemption 7(A).

36. Defendant has not and cannot demonstrate that disclosure of each of the records or portions thereof sought by the FBI Adachi Request would foreseeably harm an interest protected by a FOIA exemption and/or why the disclosure is prohibited by law. 5 U.S.C. § 552(a)(8)(A).

37. To the contrary, as explained in Plaintiffs' December 23 administrative appeal, there is no evidence of any investigation into Mr. Adachi's death, and the San Francisco Police Department dropped its investigation into the alleged leak of a police report concerning that death to Mr. Carmody.

38. Records responsive to the FBI Adachi Request are required to be released under FOIA.

39. In violation of FOIA, Defendant has improperly withheld agency records responsive to the FBI Adachi Request. 5 U.S.C. § 552(a)(3)(A).

40. Plaintiffs have exhausted applicable administrative remedies with respect to the FBI Adachi Request. 5 U.S.C. § 552(a)(6)(C)(i).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Mr. Carmody and FAC respectfully request that this Court:

(1) order Defendant to conduct a search reasonably calculated to identify all records responsive to the FBI Adachi Request;

(2) enjoin Defendant from withholding all records responsive to the FBI Adachi Request that may not be withheld under FOIA;

1     (3) declare that Plaintiffs are entitled to disclosure of the requested records;

2     (4) retain jurisdiction of this action to ensure the processing of the FBI Adachi Request and that no agency records are wrongfully withheld;

4     (5) award Plaintiffs reasonable attorney fees and costs in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

6     (6) grant such other and further relief as the Court may deem just and proper.

Dated:    July 17, 2020            FIRST AMENDMENT COALITION

By:  /s/ *Sherene Tagharobi*
       Sherene Tagharobi

*Attorney for Plaintiffs*
Bryan Carmody and First Amendment Coalition